USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  _11/26/2025____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re Rikers West Facility Coordinated Cases

*This filing relates to*:
All Coordinated Cases

25 Civ. 4515 (AT) (BCM)
25 Civ. 4521 (AT) (BCM)
25 Civ. 4527 (AT) (BCM)
25 Civ. 4529 (AT) (BCM)
25 Civ. 4530 (AT) (BCM)
25 Civ. 4535 (AT) (BCM)
25 Civ. 4537 (AT) (BCM)
25 Civ. 4538 (AT) (BCM)
25 Civ. 4540 (AT) (BCM)
25 Civ. 4723 (AT) (BCM)
25 Civ. 4732 (AT) (BCM)
25 Civ. 4735 (AT) (BCM)
25 Civ. 4736 (AT) (BCM)
25 Civ. 5168 (AT) (BCM)
25 Civ. 5997 (AT) (BCM)
25 Civ. 7962 (AT) (BCM)

**ORDER**

ANALISA TORRES, District Judge:

The Court has reviewed Defendant the City of New York's letter dated November 24, 2025, in which Defendant seeks clarification regarding the operative complaint in this action and seeks an extension in its deadline to respond to Plaintiff *pro se* Mark Russell's motion for a temporary restraining order.  ECF No. 41 in 24 Civ. 4535.[1]

First, Russell's "submissions . . . must be construed liberally and interpreted to raise the strongest arguments that they *suggest*."  *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (quotation marks omitted).  Russell filed his motion for leave to file an amended complaint, Mot. to Amend, ECF No. 27, following Defendant's filing of its motion to dismiss, *see* Mot. to Dismiss, ECF No. 21.  The motion is titled a "Motion for Leave to File an Amended Complaint," and includes additional facts and alleges certain constitutional violations.[2]  Mot. to Am. at 1; *see also* Proposed Am. Compl., ECF No. 27-1.  In his subsequent letter to the Court, Russell mentions that his submissions at ECF No. 27 "include[] updates[,] add-ons[,] and other

---

[1] Unless otherwise stated, all references to ECF-filed documents in this order refer to the docket in No. 25 Civ. 4535.

[2] Russell's motion also references "continued violations of remedial orders" in the "Nunez Case."  Mot. to Am. at 1; *see also Nunez et al. v. New York City Dep't of Corr. et. al.*, No. 11 Civ. 5845.  To the extent Russell seeks to raise a claim that any of the Defendants in the *Nunez* case have violated the Court's remedial orders or consent judgment in that case, his motion must be brought before the Hon. Laura Taylor Swain.  *See e.g.*, *Nunez* Consent Judgment, ECF 249 in No. 11 Civ. 5845 at 57 ("This Court shall have continuing jurisdiction over this action to ensure compliance with the terms of this Agreement until the Agreement terminates."); *see also Woods v. Goord*, No. 01 Civ. 3255, 2002 WL 731691, at *7 n.13 (S.D.N.Y. Apr. 23, 2002) (holding that any violations of a decree in another case must be brought before the judge who entered that decree).

submitted documents." Ltr. at 3, ECF No. 28. Russell also mentions that his submission is "not a new complaint[,] just amended and ongoing." *Id.* Liberally construing Russell's submissions, the Court interprets his motion for leave to file an amended complaint as part of his opposition to Defendant's motion to dismiss, along with his declarations filed at ECF Nos. 32-1 and 34. Defendant has argued in its motion to dismiss that Plaintiffs in the coordinate cases "cannot demonstrate any constitutional violations," *see* Mem. at 7, ECF No. 22, and Russell's submissions, which allege various constitutional violations, *see, e.g.*, Proposed Am. Compl. at 1, can be liberally construed as an opposition to Defendant's contentions.

Because Russell's letter also clarifies that his motion is "pertaining to all plaintiffs named and to be named," *see* Ltr. at 3, the Court also construes Russell's submissions to be an opposition to Defendant's motion to dismiss in all above-captioned cases that were coordinated for Defendant's motion to dismiss by Judge Moses' November 5, 2025 Order, *see* ECF No. 25. Accordingly, Russell's motions at ECF Nos. 27 and 32 are GRANTED and the Court will construe the submissions as opposition papers to Defendant's motion to dismiss.

Second, Defendant's request for an extension to respond to Russell's motion for a temporary restraining order is GRANTED. By **December 10, 2025**, Defendant shall respond to the motion. By **December 24, 2025**, Russell shall file his reply, if any.

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiffs *pro se* and to terminate the motions at ECF Nos. 27, 32, and 41 in 25 Civ. 4535.

SO ORDERED.

Dated:  November 26, 2025
    New York, New York

ANALISA TORRES
United States District Judge