USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/28/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re RIKERS WEST FACILITY COORDINATED CASES

*This filing relates to*: All Coordinated Cases

25 Civ. 4515 (AT) (BCM)
25 Civ. 4521 (AT) (BCM)
25 Civ. 4527 (AT) (BCM)
25 Civ. 4529 (AT) (BCM)
25 Civ. 4530 (AT) (BCM)
25 Civ. 4535 (AT) (BCM)
25 Civ. 4537 (AT) (BCM)
25 Civ. 4538 (AT) (BCM)
25 Civ. 4540 (AT) (BCM)
25 Civ. 4723 (AT) (BCM)
25 Civ. 4732 (AT) (BCM)
25 Civ. 4735 (AT) (BCM)
25 Civ. 4736 (AT) (BCM)
25 Civ. 5168 (AT) (BCM)
25 Civ. 5997 (AT) (BCM)
25 Civ. 7962 (AT) (BCM)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

Plaintiffs *pro se*, Jose Davila, Richard Sheppard, Malachi Reynolds, Gotti Berguette, Justin Minor, Mark Russell, Sheldon Williams, Kevin Figueroa, Anjelu Sajetta, Tyise Garrett, Shawn Morris-Greene, Larry Johnson, Vladymir Campos, David Felix, Cecil McKenzie, and Troy Morgan, were incarcerated in the West Facility on Rikers Island ("West Facility") when they filed sixteen nearly identical complaints stating claims under 42 U.S.C. § 1983, alleging a broad range of constitutional violations implicating the First, Fourth, and Fourteenth Amendments. *See* ECF No. 1 in all. On October 14, 2025, the Honorable Barbara Moses issued a coordination order, *see* ECF No. 15;[1] *see also* ECF No. 17 in 25 Civ. 4515, which she amended on November 5, 2025 to include all sixteen cases, *see* ECF No. 20. Defendant, the City of New

[1] Unless otherwise indicated, all docket citations are to the docket in the McKenzie action (25 Civ. 5997).

York (the "City"), moves to dismiss the sixteen cases pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Mot., ECF No. 16; Mem., ECF No. 17. Certain Plaintiffs filed opposition papers, and the City filed an omnibus reply brief. *See* ECF No. 35. On August 14, 2026, Judge Moses issued a report and recommendation ("R&R"), recommending the Court grant the City's motion to dismiss and provide certain plaintiffs leave to amend their complaints. *See* R&R at 2, 38–39, ECF No. 37. Only one plaintiff, Cecil McKenzie, filed timely objections to the R&R, *see* Objs., ECF No. 38, to which the City did not submit a response.[2] For the reasons stated below, McKenzie's objections are OVERRULED, and the Court ADOPTS the well-reasoned R&R in its entirety.

**DISCUSSION[3]**

I. Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the Court reviews *de novo* those portions of the R&R to which the objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025) ("Where a litigant's objections take issue with a specific legal conclusion in the report and recommendation, they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge." (quotation omitted)). However, the Court reviews strictly for clear error "when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments

[2] A second Plaintiff, Anjelu Sajetta, filed a letter dated September 4, 2026, that "request[s] 120 days in order to submit [an] amended complaint." ECF No. 48 in 25 Civ. 4540. Sajetta does not label his letter as an objection nor does the letter contain an objection to a specific legal conclusion. The Court, therefore, does not treat Sajetta's letter as an objection to the R&R, although it considers the letter when setting the deadline to file an amended complaint.

[3] The Court assumes familiarity with the facts and procedural history as outlined in the R&R and does not repeat them here. *See* R&R at 2–5.

set forth in the original petition." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (citation omitted). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate [judge] but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

A *pro se* party is "generally accorded leniency," and their objections are "construed to 'raise the strongest arguments they suggest.'" *Lanier v. Capra*, No. 21 Civ. 9307, 2023 WL 6795441, at *3 (S.D.N.Y. Oct. 13, 2023) (citing *Milano v. Astrue*, No. 05 Civ. 6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate [judge's] proposal." *Pinkney v. Progressive Home Health Serv.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

## II. Analysis

### A. McKenzie's Objections

As an initial matter, it is not clear that McKenzie fully objects to the R&R. He states that he "agree[s] that the remaining Plaintiffs should be given a responsible deadline to file any

amended complaint" and that he "will file all of his papers in his own name and in his own case." Objs. at 1 (referring to R&R at 41). The Court, in an effort to afford McKenzie the leniency he is due as a *pro se* Plaintiff, construes his objections to "raise the strongest arguments they suggest" and engages in a *de novo* review. *Capra*, 2023 WL 6795441, at *3.[4]

McKenzie argues that his "Fourteenth Amendment (conditions of confinement)" rights were violated while he was detained at West Facility. Objs. at 3. In particular, McKenzie cites events that took place on June 21, 2025, that he previously recounted in a declaration he submitted to the Court on January 21, 2026, *see* ECF No. 29, which was also reviewed and cited in the R&R, *see* R&R 13–14. McKenzie states that the bed he was assigned at West Facility had a "major leak coming from the ceiling" and that a garbage bag had been set up to collect the dripping water. Objs. at 2. On June 21, 2025, at approximately 8:00 or 9:00 p.m., McKenzie alleges that the garbage bag "burst and fell right on [him] and soak[ed] [his] entire area." *Id.* McKenzie sought assistance at the time but was told to take his "mattress and wet linen[s] and clothes" to the dayroom to spend the night. *Id.* McKenzie claims that the next day, when he complained to a different West Facility officer, he was told that "water can't hurt you." *Id.* McKenzie states that because of the incident he experienced "mental[] and emotional[] distress." *Id.* In addition, McKenzie states that he has suffered "everything that Mark Russell 25-cv-4535 and Anjelo [*sic*] Sajetta 25-cv-4540 made complaints about at West Field." Objs. at 1. Yet, he provides no further support for Sajetta's or Russell's allegations in his objections, nor does he explain why the R&R's analysis of those claims was wrong.

[4] The Court does not review *de novo* McKenzie's objections to the portions of the R&R that do not apply to him—for example, Judge Moses' recommendation to deny leave to amend to the seven plaintiffs who made no effort to oppose the City's motion to dismiss and took no other action after filing their complaint. *See* Objs. at 1; R&R at 40.

To establish a Fourteenth Amendment conditions of confinement claim, McKenzie must satisfy a two-prong test laid out by the Second Circuit in *Darnell v. Pineiro*, 849 F.3d 17 (2d Cir. 2017). Under the first prong, McKenzie must show "the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process." *Id.* at 29. This requires McKenzie to plausibly allege that "'the conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to his health' . . ., which includes the risk of serious damage to 'physical and mental soundness.'" *Id*. at 30 (citations omitted). Under the second prong, McKenzie must plausibly allege that the West Facility staff "acted with at least deliberate indifference to the challenged conditions." *Id*. at 29.

The Court concludes that McKenzie has failed to satisfy the first *Darnell* prong.[5] The Court assesses "unsanitary conditions of confinement . . . according to two components[—] severity and duration." *Id*. at 30. The events of January 21, 2025, that McKenzie describes, although unacceptable, were a one-off event. McKenzie does not state how long the leak persisted or that he was forced to sleep in the day room again. As to severity, McKenzie states that "from this incident I was prescribed Benadryl and aspirins." Objs. at 2. Although the Court is sympathetic to McKenzie's discomfort, the harm that McKenzie is alleged to have suffered during the incident (sleeping in the day room with wet clothes) and after the incident (taking over-the-counter non-prescription drugs) falls short of what courts in our Circuit have found to be severe enough to create a constitutional claim. *See* R&R at 33–34 (collecting cases); *see also Cintron v. Doldo*, 688 Fed. App'x 44, 45 (2d Cir. 2017) (summary order) ("[A] court should 'assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a

[5] The Court, therefore, need not review the second prong of *Darnell* but notes that McKenzie's objection pleads few facts as to the mental state of the two unnamed West Facility officers. *See* Objs. at 2.

risk.'" (quoting *Helling v. McKinney*, 509 U.S. 25, 36 (1993)). McKenzie's claim, therefore, does not plausibly allege a Fourteenth Amendment violation. Because McKenzie did not specifically object to the R&R's analysis of the allegations put forward by other plaintiffs, which he states he also experienced, the Court reviews those portions of the R&R for clear error.

B. Remaining Claims

Despite notification of the right to object to the R&R, only McKenzie filed objections, and the time to file objections has now passed. *See* Fed. R. Civ. P. 72(b)(2); R&R at 42. Because no objections were made, the Court reviews the remaining portions of the R&R for clear error. *Santiago v. Colvin*, No. 12 Civ. 7052, 2014 WL 1092967, at *1 (S.D.N.Y. Mar. 17, 2014). The Court finds no clear error in Judge Moses' thorough and well-reasoned decision.

**CONCLUSION**

Accordingly, the Court ADOPTS the R&R in its entirety and DISMISSES each Plaintiff's complaint. The Court agrees with Judge Moses that because Davila, Sheppard, Reynolds, Garrett, Figueroa, Johnson, and Morgan "made no effort to oppose the City's motion to dismiss, and took no other action, after filing the initial Complaint, to pursue their claims . . . leave to amend would be futile." R&R at 40.[6] Therefore, those Plaintiffs' complaints are DISMISSED WITH PREJUDICE, and the remaining Plaintiffs' complaints are DISMISSED WITHOUT PREJUDICE. By **November 30, 2026**, the remaining plaintiffs may file an amended complaint. For any plaintiff who chooses to replead, he must represent only himself in his pleadings, which must be based upon his own experiences.

[6] The R&R includes Berguette but omits Garrett from this list. The Court assumes that this was an inadvertent error and corrects it to grant Berguette but not Garrett leave to amend.

The Clerk of Court is respectfully directed to terminate the motions as follows:

| | |
|---|---|
| Davila Action, No. 25 Civ. 4515: | GRANT motion to dismiss at ECF No. 20. |
| Sheppard Action, No. 25 Civ. 4521: | GRANT motion to dismiss at ECF No. 16. |
| Reynolds Action, No. 25 Civ. 4527: | GRANT motion to dismiss at ECF No. 17. |
| Berguette Action, No. 25 Civ. 4529: | GRANT motion to dismiss at ECF No. 19, with leave to amend. |
| Minor Action, No. 25 Civ. 4530: | GRANT motion to dismiss at ECF No. 17, with leave to amend. |
| Russell Action, No. 25 Civ. 4535: | GRANT motion to dismiss at ECF No. 21, with leave to amend. DENY motion for leave to file amended complaint at ECF No. 64 as MOOT. |
| Williams Action, No. 25 Civ. 4537: | GRANT motion to dismiss at ECF No. 17, with leave to amend. |
| Figueroa Action, No. 25 Civ. 4538: | GRANT motion to dismiss at ECF No. 17. |
| Sajetta Action, No. 25 Civ. 4540: | GRANT motion to dismiss at ECF No. 21, with leave to amend. Terminate the Motion at ECF No. 35. |
| Garrett Action, No. 25 Civ. 4723: | GRANT motion to dismiss at ECF No. 17. |
| Morris-Greene Action, No. 25 Civ. 4732: | GRANT motion to dismiss at ECF No. 18, with leave to amend. |
| Johnson Action, No. 25 Civ. 4735: | GRANT motion to dismiss at ECF No. 15. |
| Campos Action, No. 25 Civ. 4736: | GRANT motion to dismiss at ECF No. 16, with leave to amend. |
| Felix Action, No. 25 Civ. 5168: | GRANT motion to dismiss at ECF No. 16, with leave to amend. |
| McKenzie Action, No. 25 Civ. 5997: | GRANT motion to dismiss at ECF No. 16, with leave to amend. |
| Morgan Action, No. 25 Civ. 7962: | GRANT motion to dismiss at ECF No. 13. |

Unless otherwise stated, the dismissals operate with prejudice. The Clerk of Court is respectfully directed to mail a copy of this order to each Plaintiff *pro se* at his last known address.

SO ORDERED.

Dated: September 28, 2026
New York, New York

ANALISA TORRES
United States District Judge